NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VALERIA BROWN and                    :
JOHNATHON EHNAT,
                                     :
        Plaintiffs,
                                     :   Civil Action No. 05-837(JWB)
    v.
                                     :     **O P I N I O N**
CATHOLIC COMMUNITY SERVICES,
THE ARCHDIOCESE OF NEWARK, and:
JOHN DOES 1 through 25,
                                     :
        Defendants.
                                     :

**APPEARANCES**:

    HARVEY S. GROSSMAN, ESQUIRE
    80 Main Street
    West Orange, New Jersey  07052
    (Attorney for Plaintiff)

    CARELLA, BYRNE, BAIN, GILFILLAN,
      CECCHI, STEWART & OLSTEIN
    By:  Michael P. Pasquale, Esquire
    5 Becker Farm Road
    Roseland, New Jersey  07068-1739
    (Attorneys for Defendants and
    Third Party Plaintiffs)

    CHRISTOPHER J. CHRISTIE
    United States Attorney
    By:  Pamela R. Perron
        Assistant United States Attorney
    Federal Building
    970 Broad Street
    Newark, New Jersey  07102
    (Attorney for Third Party Defendants
    United States of America and
    United States Postal Service)

**BISSELL,** Chief Judge

    This matter comes before the Court on Plaintiffs', Valeria Brown and Johnathon Ehnat, motion to dismiss Defendant Catholic Community Services Third-Party Complaint, to remand the instant action to the Superior Court of New Jersey and for the award of Plaintiffs' counsel fees and costs.[1]

**FACTS AND BACKGROUND**

    On June 6, 2003, Valeria Brown and her husband, Johnathon Ehnat, filed a Complaint in the Superior Court of New Jersey, Law Division, Essex County.  The Complaint named Catholic Community Services, a New Jersey corporation, and the Archdiocese of Newark as Defendants.  Plaintiffs allege that Defendant Catholic Community Services ("CCS") operates, owns, leases space and/or maintains a business located at 494 Broad Street in Newark, NJ and Defendant Archdiocese of Newark is the controlling entity of Defendant CCS.  Compl. ¶¶ 2-3.  The Complaint alleges that, due to Defendants' negligence, on August 10, 2001, Plaintiff Brown sustained injuries when a door to the ladies' room at her place of employment became unhinged and fell on her head while she was using the facilities in the restroom.  Compl. ¶¶ 6-7.  At the time the injury was sustained, Plaintiff Valeria Brown was an

---

[1] Defendant Catholic Community Services does not oppose Plaintiffs' motion to remand to the Superior Court. Additionally, on April 18, 2005, Plaintiffs' attorney, Harvey S. Grossman, informed this Court that Plaintiffs have withdrawn the application for sanctions and counsel fees.

-2-

employee of the United States Postal Service ("USPS"); the postal facility where Brown worked was leased by third-party defendant USPS from Defendants CCS and the Archdiocese of Newark. Plaintiffs claim that Defendants CCS and the Archdiocese of Newark "were negligent and careless in failing to inspect, maintain and keep safe the premises wherein the accident occurred, thereby allowing a dangerous, hazardous and defective condition to exist on said premises, and, as a result, Plaintiff Valeria Brown was struck in and about her body by the unhinged door as aforesaid and sustained severe and permanent bodily injuries." Compl. ¶ 7. Plaintiffs allege that as a result of the accident, Brown is permanently and totally disabled, is no longer an active postal employee and has been placed on permanent disability by the USPS. Pl. Br. at 2.

On July 15, 2003, Defendants CCS and the Archdiocese of Newark filed an Answer and on September 24, 2004, by Order of the Superior Court of New Jersey Law Division, Essex County, Defendants were granted permission to join the United States of America and the United States Postal Service as third-party defendants. Pl. Br. at 1. Thereafter, on October 29, 2004, Defendants filed a Third-Party Complaint naming the United States of America and the USPS as third-party defendants. The Third-Party Complaint alleged that under the pertinent portions of Exhibit D to the lease executed between CCS and the USPS, the

Postal Service agreed as follows:

> Indemnity.  The Postal Service agrees to save harmless and indemnify the Lessor from and against every claim, loss, damage, actions, causes of actions, expense and/or liability resulting from the use of said Premises by the Postal Service and whenever such claim, loss, damage, actions, cause of actions, expense and/or liability arises from the negligent or wrongful act or omission by a Postal employee while acting within the scope of his or her employment, under circumstances where the Postal Service, if a private person, would be liable in accordance with the law of the place where the negligent or wrongful act or omission occurred.

Indemnification Clause, Attached to Pl. Appendix in Support of Remand, Ex. H-12.

Defendants allege that its engineering expert, upon inspection of the defective ladies' room stall door, concluded "that the door fell because the pin in the top hinge assembly had been intentionally removed, and not because of any failure of Defendants to maintain the door or because of any structural defect of the door or hinge."  Third-Party Compl. ¶ 5, Atached to Pl. Appendix, Ex. D.  Defendants also submit that the Postal Service equipped the lock on the restroom door with a three digit combination lock and thus only Postal employees had access to the third floor women's restroom where the accident occurred.  Id. ¶ 6.  Furthermore, Defendants allege that at her deposition, Plaintiff Brown testified that prior to the accident, a co-worker had threatened her and caused her to suffer psychological

injuries for which she underwent treatment.  Compl. ¶ 7. Defendants submit that they are entitled to contractual indemnification from the Postal Service under the lease.  Id. ¶ 8.

On February 14 and 17, 2005 respectively, Third-Party Defendants, the United States of America and the USPS, filed an Answer and Notice of Removal pursuant to Title 28 U.S.C. 1346(a)(2), 1441 and 1442(a)(1).  Plaintiffs have filed the instant motion to dismiss Defendants' Third-Party Complaint and remand the action to the Superior Court of New Jersey.

## DISCUSSION

I.  Standard of Law Applied to Motions to Remand for Lack of Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1447

A civil action brought in state court may be removed by the defendant to the federal district court in the district where such action is pending if the district court would have original jurisdiction over the matter.  28 U.S.C. § 1441(a); U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002) (citing Franchise Tax Bd. of Cal. v. Const. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 7-8 (1983)).  Where the parties are not diverse, removal is appropriate only if the case falls within the district court's original "federal question" jurisdiction, which includes "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §§ 1331, 1441(b); U.S. Express Lines, 281 F.2d at 389 (citing Franchise Tax Bd.,

463 U.S. at 8).

In determining whether a case arises under federal law, courts are instructed to look to the plaintiff's "well-pleaded complaint." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). It is not enough that a federal question is or may be raised as a defense. Id. "'The controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal'." U.S. Express Lines, 281 F.3d at 389 (quoting Gully v, First Nat'l Bank in Meridian, 299 U.S. 109, 113 (1936)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc., et al. v. Williams, 482 U.S. 386, 392 (1987).

The state suit need not invoke a federal law in order to "arise under" it for removal purposes. It is sufficient that the merits of the litigation turn on a substantial federal issue that is "an element, and an essential one, of the plaintiff's cause of action." Gully, 299 U.S. at 112. The controversy must be "genuine and present . . . not merely . . . conjectural." Id. at 113. In short, the federal law "must be in the forefront of the case and not collateral, peripheral, or remote." Merrell Dow, 478 U.S. at 813 n.11; see also United Jersey Banks v. Parell, 783 F.2d 360, 367 (3d Cir. 1986) (finding no federal question existed because right to relief under state law did not require

resolution of a substantial question of federal law).  It need not, however, be a situation in which federal law completely preempts state law.  <u>U.S. Express Lines</u>, 281 F.3d at 389 (citing <u>Goepel v. Nat'l Postal Mail Handlers Union</u>, 36 F.3d 306 (3d Cir. 1994) (discussing "complete preemption" doctrine).

II.  <u>The Motion for Remand is Granted</u>

Plaintiffs argue that this Court lacks subject matter jurisdiction over the Third-Party Complaint because Defendants claim against the USPS and the United States of America is based upon the indemnification clause of the lease agreement.  Section A.13 of the General Conditions to the USPS Lease states that the contract between the USPS and Defendant CCS is "subject to the Contract Disputes Act of 1978 (41 U.S.C. 601-613)."  <u>See</u> Lease, Attached to Pl. Appendix, Ex. H-5.  It further states that "except as provided in the Act, all disputes arising under or relating to this contract must be resolved under this clause."  <u>Id</u>.  The Contract Disputes Act ("CDA") states, <u>inter</u> <u>alia</u>,

> a contractor may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary.

41 U.S.C. § 609(a)(1).

Defendants CCS and the USPS do not oppose this motion for remand.  For the reasons which follow, this Court does not determine that it lacks jurisdiction over this matter simply

because the contracted lease identifies the CDA as the controlling authority.  Title 39 U.S.C. § 409(a) grants district courts subject matter jurisdiction over actions to which the Postal Service is a party.  See Licata v. United States Postal Service, 33 F.3d 259, 263 (3d Cir. 1994).  Section 409 of the Postal Reorganization Act ("PRA") of 1970, states:

> (a) Except as provided in section 3628 of this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service.  Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28.

39 U.S.C. § 409(a).

The Third Circuit addressed the issue of whether the CDA bars the jurisdiction granted to the district court by the PRA in dicta in Licata v. United States Postal Service.  There, the Third Circuit discussed the split in the Circuit Courts on the issue of whether the CDA is exclusive, however, it did not weigh in on this issue.  See Licata, 33 F.3d at 264 n.6.

Despite the jurisdiction conferred upon this Court by the PRA, this Court chooses not to exercise such jurisdiction at this time.  The underlying issues between the Plaintiffs and Defendants CCS and the Archdiocese of Newark resound in state tort law.  Furthermore, issues relating to the Third-Party Complaint are clearly governed by the CDA, the text of which

affords the parties the right to bring an action in the United States Court of Federal Claims.  See 39 U.S.C. § 409(a).  This case will be remanded to the Superior Court of New Jersey, Law Division, Essex County.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand the instant action to the Superior Court of New Jersey, Law Division, Essex County, is granted.

```
                              /s/    John W. Bissell
                                     JOHN W. BISSELL
                                      Chief Judge
                              United States District Court
```

DATED:  August 15, 2005